## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORP., | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     Court No. 23-00136 <br> : |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : |

## COMPLAINT

Plaintiffs Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque") and Riverside Plywood Corp. ("Riverside") (collectively "Plaintiffs"), by and through undersigned counsel, hereby allege and state as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiffs seek review of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department") tenth administrative review of the countervailing duty ("CVD") order multilayered wood flooring from the People's Republic of China (C-570-971), which was published as *Multilayered Wood Flooring from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2020*, 88 Fed. Reg. 34,828 (May 31, 2023) ("Final Results"), and the accompanying Issues and Decision Memorandum ("IDM")

## JURISDICTION

2.     This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3.     Plaintiffs are Chinese producers and exporters of certain multilayered wood flooring ("MWLF" or "subject merchandise") from the People's Republic of China ("China"). Plaintiffs participated in the Department's administrative review proceeding that resulted in the challenged determination as mandatory respondents and are subject to the Department's Final Results. Therefore, Plaintiffs are interested parties as described in section 771(9)(A) of the Tariff Act of 1930 (the "Act"), as amended 19 U.S.C. § 1677(9)(A), and have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4.     Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii) regarding administrative review, the summons must be filed within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published its final results of the administrative review on May 31, 2023.

5.     This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons on June 30, 2023. This Complaint is being filed within 30 days of the filing of the Summons. Thus, the Summons and Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

**BACKGROUND**

6.      The Department issued its countervailing duty order on multilayered wood flooring from China on December 8, 2011.  *Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 76,692 (Dec. 8, 2011).

7.      On February 4, 2022, the Department initiated its administrative review of the CVD order on MLWF from China, covering the period of review ("POR") from January 1, 2020 through December 31, 2020.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 6,487 (Feb. 4, 2022).

8.      Subsequent to the initiation of the review, by memorandum dated March 10, 2022, the Department selected Plaintiff Riverside and one other Chinese manufacturer/exporter, Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao"), as mandatory respondents to individually investigate in the review.  On March 14, 2022, the Department issued its initial CVD questionnaire to these companies.

9.      Riverside (and its cross-owned affiliate, Baroque) timely filed their response to the affiliation portion of the Department's initial CVD questionnaire on April 4, 2022, and on May 12, 2022, timely filed the remainder of their response to the Department's initial questionnaire, identifying subsidy programs from which the companies received benefits during the POR.

10.     Plaintiffs timely responded to all additional supplemental questionnaires issued by the Department to the companies.

11.     Plaintiffs submitted timely factual information on October 11, 2022, for the Department's use in the valuation of the benchmarks under the applicable less than adequate renumeration subsidy programs (19 C.F.R. § 351.511) for reported plywood, veneer, fiberboard, paint/stain,

3

and adhesive/glue purchases, and rebuttal benchmark information on October 20, 2022, in response to the benchmark data submitted by Petitioners. In its rebuttal benchmark submission, Plaintiffs submitted information such as certifications from its glue and plywood suppliers and safety data sheets for its glue and paint, confirming the type of glue, paint, and plywood used.

12. The Department published its Preliminary Results of the administrative review on December 22, 2022. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 78,644 (Dec. 22, 2022) ("Preliminary Results"), along with its accompanying Preliminary Decision Memorandum.

13. In its Preliminary Results, the Department preliminarily found that Plaintiffs had received countervailable benefits during the POR, calculating a preliminary CVD rate of 15.93% for the companies.

14. On January 30, 2023, Plaintiffs filed their administrative case brief challenging certain decisions and findings in the Department's Preliminary Results, including, among other things that: (1) the Department should adjust its calculation of the benchmark for plywood and veneers using International Tropical Timber Organization ("ITTO") grade prices only, rather than a combination of ITTO and UNComtrade data; (2) the Department should use only HTS subheadings 3909.10 and 3909.40 to value glue; (3) the Department should remove HTS subheadings 3208.10, 3208.90, and 3909.90 from its paint benchmark calculation; (4) the Department should recalculate the unit value in its back veneer benchmark calculation using only information from Plaintiffs' warehouse-in slips; (5) the Department should use Plaintiffs' reported per-metric ton freight rate and the distance between the nearest port and Riverside/Baroque to calculate inland freight; (6) the Department should correct several benefit

4

calculation errors for the various LTAR programs; (7) the Department should reverse its adverse facts available ("AFA") finding that certain of Plaintiffs' input suppliers were government authorities; and (8) the Department should not countervail the Export Buyer's Credit Program ("EBCP").

15. Plaintiffs filed their rebuttal brief on February 13, 2023, rebutting Petitioner's arguments, which primarily related to the input benchmarks used in the preliminary results.

16. On May 31, 2023, the Department published its Final Results, assigning Plaintiffs a final CVD rate of 17.06%. 88 Fed. Reg. at 34,829. In these Final Results, the Department accepted some of Plaintiffs' arguments and rejected others. Specifically, the Department (1) rejected Plaintiffs' arguments that ITTO should be the only source to value the benchmarks for plywood and veneer; (2) rejected Plaintiffs' argument that only HTS subheadings 3909.10 and 3909.40 should be used to value glue; (3) rejected Plaintiffs' argument that it should exclude HTS subheadings 3208.10, 3208.90, and 3209.90 from its paint benchmark calculation; (4) rejected Plaintiffs' argument that it should recalculate the unit value in its back veneer benchmark calculation using only information from warehouse-in slips; (5) rejected Plaintiffs' argument that AFA was not applicable and that substantial evidence demonstrated that certain of Plaintiffs' input suppliers were not government authorities; and (6) rejected Plaintiffs' argument that the EBCP was not used and that AFA was not warranted.

## STATEMENT OF CLAIMS

### COUNT ONE

17. Paragraphs 1 to 16 are adopted and incorporated herein by reference.

18.     In its Final Results, the Department rejected Plaintiffs' arguments that the Department should rely only on grade C/CC ITTO data to value the plywood benchmark under 19 C.F.R. § 351.511(a)(2)(ii), and determined instead that it would continue to weight-average ITTO data and UNComtrade data on the record to value this input.  IDM at Cmt. 7C.

19.     In making this determination, the Department did not appropriately consider substantial record evidence that Plaintiffs only purchased and used grade C/D plywood during the POR and, thus, the Department should have compared the ITTO grade specific prices to Plaintiffs' purchases rather than using UNComtrade data in benchmark, which contained all different grades of plywood (*i.e.*, grades A to D).

20.     Pursuant to 19 U.S.C. § 1677(5)(E)(iv), 19 C.F.R. § 351.511(a)(2)(ii), and long-standing Department practice, the Department is required to calculate benchmarks using the most product-specific world price possible.

21.     The failure to not use the most product specific benchmark for plywood results in the Department's findings and calculations being unsupported by record evidence and not in accordance with the law.

## COUNT TWO

22.     Paragraphs 1 to 21 are adopted and incorporated herein by reference.

23.     In its Final Results, the Department created a benchmark for glue by averaging UNComtrade export data for HTS subheadings 3909.10, 3909.40, and 3906.10 but did not appropriately consider substantial record evidence that Plaintiffs did not purchase any glue during the POR similar to HTS subheading 3906.10.  IDM at Cmt. 7A.

24.     The Department's findings and calculations with regard to the benchmark for glue are unsupported by record evidence and not in accordance with the law.

## COUNT THREE

25.     Paragraphs 1 to 24 are adopted and incorporated herein by reference.

26.     In its Final Results, the Department created a paint benchmark specifically for Baroque by averaging UNComtrade data for HTS subheading 3208.10, 3208.20, 3208.90, 3209.10, 3209.90, 3906.90, and 2914.13 but did not appropriately consider substantial record evidence that Plaintiffs did not purchase any paint during the POR like those described under HTS subheadings 3208.10, 3208.90, and 3209.90.  IDM at Cmt. 7B.

27.     The Department's findings and calculations with regard to the benchmark for paint are unsupported by record evidence and not in accordance with the law.

## COUNT FOUR

28.     Paragraphs 1 to 27 are adopted and incorporated herein by reference.

29.     In its Final Results, the Department applied AFA to the Government of China ("GOC") for the failure to cooperate and provide information sufficient for the Department to determine whether Plaintiffs' input suppliers were government authorities.   IDM at Cmt. 4.

30.     As AFA, the Department considered all of Plaintiffs' input suppliers to be government authorities, thereby countervailing all input purchases from these suppliers.

31.     In making this determination, the Department ignored record evidence that certain of Plaintiffs' suppliers that were wholly owned by individuals were not government authorities.

32.     The Department's AFA finding was therefore unsupported by substantial evidence and not in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a) hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c) provide such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ
    SILVERMAN & KLESTADT LLP

    /s/ Francis J. Sailer
    Francis J. Sailer
    Andrew T. Schutz
    Jordan Kahn
    Kavita Mohan
    Michael S. Holton

Dated: July 31, 2023